**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| VICOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FLEX LTD.<br><br>Defendant. | Civil Action No. 7:26-cv- 00365<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Vicor Corporation makes the following allegations against Defendant Flex Ltd., who is a manufacturer and/or distributor who, without authority, makes, imports, uses, offers for sale, and/or sells in the United States certain vertical power delivery systems, components thereof, and computing systems containing the same that infringe U.S. Patent No. 10,903,734.

**PARTIES**

**Vicor**

1. Plaintiff Vicor Corporation ("Plaintiff" or "Vicor") is a Delaware corporation with its principal place of business at 25 Frontage Road, Andover, MA 01810. Vicor is a NASDAQ-listed public company that was founded in 1981 by Dr. Patrizio Vinciarelli in Massachusetts. Dr. Vinciarelli, the lead inventor of the patent asserted in this Complaint, remains Vicor's CEO to this day. Headquartered in the United States, Vicor is a leading provider of high-performance power modules and systems for use in advanced computing applications—like powering advanced processors in server motherboards, artificial intelligence accelerator cards and systems, and server rack power conversion for use in datacenters. Vicor is the owner of all rights, title, and interest in

and to the Asserted Patent, U.S. Patent No. 10,903,734 ("the '734 Patent").

**Flex**

2. On information and belief, Defendant Flex Ltd. ("Flex") is organized under the laws of Singapore with its principal place of business at 12515-8 Research Boulevard, Suite 300, Austin, Texas 78759. Flex Ltd. describes itself on its website as "a global leader in advanced power conversion solutions" that "deliver[s] high-efficiency DC/DC converters." *Flex Power Modules*, Flex Ltd., https://flex.com/products/power-modules [https://perma.cc/2WN2-M89A] (last visited Sept. 5, 2026).

3. Flex Ltd. has a large network of subsidiaries that are wholly owned (directly or indirectly) and/or controlled by Flex Ltd. *See Subsidiaries of Flex Ltd.*, Securities and Exchange Commission, https://www.sec.gov/Archives/edgar/data/866374/000086637425000027/flex-exx2101_3312025.htm [https://perma.cc/L5KJ-RWJQ]. Flex Ltd. enjoys substantial business advantages by directing and controlling these subsidiaries, affiliates, and divisions' conduct with respect to the Flex brand and Flex products, including the Flex products accused here.

4. On information and belief, Flex, either directly or through its subsidiaries and affiliates, makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States certain vertical power delivery systems, components thereof, and computing systems containing the same that infringe the '734 Patent ("Accused Products").

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Flex because the Defendant conducts business in and has committed acts of patent infringement in this District, contributed to acts of

patent infringement in this District, and/or induced others to commit acts of patent infringement in this District, the State of Texas, and elsewhere in the United States and has established minimum contacts with this forum state such that the exercise of jurisdiction over Flex would not offend the traditional notions of fair play and substantial justice.

7. Flex conducts substantial business with entities and individuals in the State of Texas and the Western District of Texas by, among other things: (A) making, using, selling, offering to sell, and/or importing products that infringe the '734 Patent, both through its own infringing activities and those committed vicariously through and/or in concert with their alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers, which purposely avail Flex of the privilege of conducting those activities in this state and this District; and (B) regularly doing or soliciting business in this District, providing service and support to their customers in this District, deriving substantial revenue from infringing goods offered for sale, sold, and imported in or to this District, and/or engaging in other persistent conduct targeting residents of Texas both through its own conduct and/or in concert with or through its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

8. For example, Flex's website provides links for consumers and professionals to access contact information for purchasing various Flex products, including power modules and power converters. *Flex Power Modules*, Flex Ltd., https://flex.com/products/power-modules#partners [https://perma.cc/P9G5-LPNC] (last visited Sept. 5, 2026) (providing information to contact Flex's "well-established network of channel partners and distributors covering all regions worldwide to support our customers both locally and globally"). The website specifically directs users to IntelliMark for buying Flex products within the state of Texas. *Id.* Plus,

Flex itself has a physical presence within the District: 12515-8 Research Blvd, Suite 300, Austin, TX 78759. *Flex Global Footprint and Location*, https://flex.com/company/global-locations#americas [https://perma.cc/24ME-7C6P] (last visited Sept. 5, 2026).

9. Accordingly, Flex places the accused vertical power delivery systems, components thereof, and/or computing systems containing the same into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be sold in the State of Texas, including in this District, and does not otherwise permit the sale of the Accused Products in the State of Texas, or in this District, outside of these established, authorized, and ratified distribution channels and networks.

10. Venue is proper in this District as to Flex pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b), either because (A) the Defendant is a foreign corporation who is not a resident of the United States and thus is subject to venue in any judicial district, including this District; or (B) the Defendant resides in this District and/or has committed acts of infringement in this District and has a regular and established place of business in this District.

11. Venue is proper in this District as to Flex because it is a foreign entity and thus venue is proper in any judicial district.

12. In the alternative, venue is proper in the District as to Flex because Flex's corporate headquarters are in this District: 12515-8 Research Blvd, Suite 300, Austin, TX 78759. *Flex Global Footprint and Location*, https://flex.com/company/global-locations#americas [https://perma.cc/24ME-7C6P] (last visited Sept. 5, 2026). Due to the location of its headquarters in WDTX, Flex has committed acts of infringement in the District and has at least one regular and established place of business in the District.

## THE ASSERTED PATENT

13. This action asserts causes of action for infringement of one or more claims of U.S. Patent No. 10,903,734 ("the '734 Patent" or "the Asserted Patent"). U.S. Patent No. 10,903,734 is a valid and enforceable United States Patent. A true and correct copy of the Patent is attached as **Exhibit 1**.

14. The '734 Patent, titled "Delivering Power to Semiconductor Loads," issued on January 26, 2021, from U.S. Patent Application No. 16/218,418, filed on Dec. 12, 2018, which is a Continuation - in - part of application No. 15 / 616,288, filed on June 7, 2017, now Pat. No. 10,277,105, which is a continuation - in - part of application No. 15/091,346, filed on Apr. 5, 2016, now Pat. No. 10,158,357.

15. Patrizio Vinciarelli is the named inventor of the '734 Patent. The patent assignment record showing transfer of title of the '734 Patent from Dr. Vinciarelli to Vicor Corporation is attached as **Exhibit 2**. Vicor owns by assignment the entire right, title, and interest in the '734 Patent, including the sole and exclusive right to bring a claim for its infringement.

16. The '734 Patent[1] relates to what is now known as Vertical Power Delivery or "VPD". By stacking a "multi-cell converter" with a "Gearbox" including a capacitive layer, lateral translations, and inter-digitation, VPD reduces power distribution losses and enables superior current density, power density and efficiency. VPD overcomes the "last inch problem" of Lateral Power Delivery.

17. The below figure from the patent shows an exemplary 2x2 array of VPD modules as components of a VPD system for a Cerebras Wafer Scale Engine ("WSE"). The WSE is powered by an array of 84 modules, one for each of 84 reticles within the wafer. The WSE is

[1] The Non-Technical Descriptions throughout the Complaint do not, and are not intended to, construe or limit the '734 Patent's scope or meaning.

fueled at up to 30,000A at 0.7V. Each VPD module resides above a WSE reticle. Power to each WSE reticle flows vertically from a 54V source at the top of the VPD module to the wafer reticle at its bottom. As shown in the figure, and disclosed in the ’734 Patent, the exemplary VPD modules comprise a multiplicity of layers, including a multi-cell converter and a Gearbox providing a capacitive layer, lateral connections, and inter-digitation.




FIG. 11

18. The patented technology has applications in high-performance computing, as well as in communications and network infrastructure that have extreme current density requirements, greater than 1A/mm2, provided by VPD. VPD enables AI and its growth trajectory because of the extreme current density demands of AI processing.

## FACTUAL ALLEGATIONS

19. Flex does not have any right to practice the intellectual property protected by the Asserted Patent.

20. Flex, either directly or through its subsidiaries and affiliates, makes, uses, offers to sell, and/or sells within the United States[2], and/or imports into the United States, certain vertical power delivery systems, components thereof, and computing systems containing the same that infringe the ’734 Patent (“Accused Products”).

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 10,903,734**

21. Plaintiff repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

22. On information and belief, Flex makes, uses, imports, offers to sell, and/or sells in the United States, and/or imports into the United States infringing products, such as the Flex VPD modules and/or computing systems containing VPD modules, which directly infringe, literally and/or through the doctrine of equivalents, at least claims 1–8, 11–14, 18–26, 40–56, 65–71, 80, 81, 83, 84, 90–93, and 95 of the ’734 Patent in violation of 35 U.S.C. § 271(a). A non-limiting and exemplary claim chart of Flex’s infringement of claim 1 of the ’734 Patent, including photographs and drawings where applicable, is attached as **Exhibit 3**.

23. On information and belief, Flex also knowingly and intentionally induces infringement of at least claims 1–8, 11–14, 18–26, 40–56, 65–71, 80, 81, 83, 84, 90–93, and 95 of the ’734 Patent in violation of 35 U.S.C. § 271(b). No later than as of the filing and service of this Complaint, Flex has had knowledge of the ’734 Patent and the infringing nature of the Accused Products. Despite this knowledge of the ’734 Patent, Flex continues to actively encourage and instruct its customers and end users (for example, through its marketing, distribution of datasheets

[2] As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the “United States” means “the United States of America, its territories and possessions.”

and technical product manuals to its customers, and technical support) to use the Accused Products in ways that directly infringe the ’734 Patent literally and/or under the doctrine of equivalents. Flex does so knowing and intending that its customers and end users will commit these infringing acts. Flex also continues to make, use, import, offer for sale, and/or sell the Accused Products, despite its knowledge of the ’734 Patent, thereby specifically intending for and inducing its customers to infringe the ’734 Patent through the customers’ normal and customary use of the Accused Products.

24. On information and belief, Flex also contributorily infringes the ’734 Patent in violation of 35 U.S.C. § 271(c) by making, using, selling, offering to sell within the United States, or importing into the United States vertical power delivery systems, components thereof, and computing systems containing the same that incorporate or constitute a material part of the inventions claimed by the ’734 Patent, in violation of at least claims 1–8, 11–14, 18–26, 40–56, 65–71, 80, 81, 83, 84, 90–93, and 95. Flex does so knowing that these components are especially made or especially adapted for uses that infringe the ’734 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

25. Flex committed the foregoing infringing activities without license from Vicor. Flex’s acts of infringement have damaged Vicor, as owner of the ’734 Patent. Vicor is entitled to recover from Flex the damages it has sustained as a result of Flex’s wrongful acts in an amount subject to proof at trial. Flex’s infringement of Vicor’s rights under the ’734 Patent will continue to damage Vicor.

## DEMAND FOR JURY TRIAL

26. Plaintiff Vicor hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vicor requests entry of judgment in its favor and against Flex as follows:

A. Declaring that Flex has infringed United States Patent No. 10,903,734;

B. Awarding damages to Plaintiff in an amount no less than a reasonable royalty for Flex's infringement of United States Patent No. 10,903,734, together with prejudgment and post-judgment interest and without limitation under 35 U.S.C. § 287;

C. Declaring that Flex's infringement of United States Patent No. 10,903,734 has been willful and deliberate, at least from the filing of this Complaint, such that Vicor is entitled to treble damages;

D. Awarding injunctive relief precluding Flex from ongoing infringement of United States Patents No. 10,903,734, or, in the alternative, an ongoing royalty for Flex's continued infringement of United States Patent No. 10,903,734;

E. Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

F. Awarding such other costs and further relief as the Court may deem just and proper.

Dated: September 8, 2026

Respectfully submitted,

*<u>/s/ Mark D. Siegmund</u>*
Mark D. Siegmund
Texas Bar No. 24117055
CHERRY JOHNSON SIEGMUND JAMES PC
7901 Fish Pond Rd, Suite 200
Waco, TX 76710-1013
Telephone: (254) 732-2242
Facsimile: 866-627-3509
Email: msiegmund@cjsjlaw.com

Oleg Elkhunovich*
California Bar No. 269238
SUSMAN GODFREY LLP

1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: vicorvpd-itc@susmangodfrey.com

Steven Seigel
Washington Bar No. 53960
Jenna Farleigh
Washington Bar No. 47392
Andres Healy
Washington Bar. No. 45578
Danielle Nicholson*
Washington Bar No. 57873
Dinis Cheian*
New York Bar Registration No. 5958152
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: vicorvpd-itc@susmangodfrey.com

Isabella Soparkar*
Texas Bar No. 24150831
Jeff David*
Texas Bar No. 24053171
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: vicorvpd-itc@susmangodfrey.com

Louis S. Mastriani*
DC Bar No. 386820
Lloyd Smith*
DC Bar No. 454606
Buchanan Ingersoll & Rooney PC
1700 K Street N.W., Suite 300
Washington, D.C. 20006-3807
Telephone: (202) 407-7900
Facsimile: (202) 452-7989
VICORII-ITC@bipc.com

*Counsel for Vicor Corporation*

**pro hac vice forthcoming*